IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1264-11






ARTEMIO ORLANDO SANCHEZ, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY





 Meyers, J., filed a dissenting opinion.


D I S S E N T I N G O P I N I O N 



 The majority holds that statutory county court judges lack the authority to issue a
search warrant to be executed outside of their own county. Maj. op. at 10. The judge here
had the authority to issue the search warrant. The real issue is whether the police had the
authority to execute the warrant outside of Montgomery County. I would remand to the
court of appeals to determine whether the search warrant became invalid because it was
executed in Harris County. 

 At the time of Appellant's arrest, a warrant for blood could be issued by a judge of
a municipal court of record or county court who is a licensed attorney, or by a judge of a
statutory county court, district court, Court of Criminal Appeals, or Supreme Court. Tex.
Code Crim. Proc. art. 18.01(c). Accordingly, Judge Stewart had the authority to issue the
warrant as a magistrate of the Montgomery County statutory court. 

 The majority confuses the issue and focuses on the judge's authority to issue the
warrant outside of Montgomery County, rather than the validity of the warrant when it
was executed in Harris County. The judge's authority does not end simply because the
warrant was executed in a different county. This authority continues, regardless of the
subsequent actions of the police. 

 Furthermore, the judge did not designate that the warrant be issued in a particular
location. With the exception of a search of real property, search warrants for movable
objects do not typically include a specific location for the search. The search warrant
specifically authorized the search of Appellant. Although Appellant was located in Harris
County, the judge did not explicitly designate where the search was to occur. 

 I believe that the judge properly issued the search warrant under his authority as a
statutory county court judge. I would remand the case to the court of appeals to determine
whether the execution of the search warrant in Harris County was valid. Because the
majority does not consider the correct issue, I must respectfully dissent.

 

 Meyers, J.


Filed: May 16, 2012

Publish